UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SUZANNE M. McCOLE**,　　　　　　　　　　Case No. 1:14 CV 1037

　　　　　Plaintiff,　　　　　　　　　　　　Chief Judge Solomon Oliver, Jr.

　　　　　　　　　　　　　　　　　　　　　Magistrate Judge James R. Knepp, II

　　v.　　　　　　　　　　　　　　　　　　REPORT AND
　　　　　　　　　　　　　　　　　　　　　RECOMMENDATION

**COMMISSIONER OF SOCIAL SECURITY**,

　　　　　Defendant.

## INTRODUCTION

Plaintiff Suzanne McCole filed this action for judicial review of the administrative denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). On January 21, 2015, Magistrate Judge Armstrong issued a Memorandum Opinion and Order reversing the decision of the Commissioner and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). The remand was based on the ALJ's failure to adequately address the "other source" opinions of Ms. Molzon, Plaintiff's social worker, in making the RFC determination.

Plaintiff then filed the pending Motion for Attorney Fees, and a supplement, seeking $5,568.01 in fees. (Docs. 22, 26). Defendant filed a response challenging the agency's lack of substantial justification and Plaintiff's requested hours. (Doc. 24). For the reasons discussed below, the Court recommends the application be granted in part and denied in part.

## DISCUSSION

The Equal Access to Justice Act ("EAJA") directs courts to award fees and expenses to parties who prevail against the United States in litigation if, among other conditions, the

government's position was not "substantially justified." 5 U.S.C. § 504(a)(1). Because the Court issued a sentence-four remand, Plaintiff is a "prevailing party" eligible for attorney's fees. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993).

***Substantial Justification***

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988). In passing the EAJA, Congress had no intention of creating a presumption of insubstantial justification simply because the government did not prevail on a particular issue. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). A position can be justified even if it is not correct. *U.S. v. Real Property at 2323 Charms Road, Milford Twp., Oakland Cnty., Michigan,* 946 F.2d 437, 440 (6th Cir. 1991). Defendant has the burden of establishing that his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). To defeat a request for attorney's fees under the EAJA both the underlying agency position and the litigation position must be "substantially justified". 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994).

Thus, the fact that one of Plaintiff's five objections was remanded by the District Court establishes her as a prevailing party but it does not immediately establish that the government's position was unjustified. The government argues the remand was based on insufficient articulation by the ALJ in his discussion of the "other source" opinion, and therefore, the Commissioner's position was substantially justified. (Doc. 24, at 4); *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723 (6th Cir. 2014) (denying EAJA application because "the fatal flaw in the ALJ's opinion [wa]s not in the weight he found was inappropriate for the various medical opinions, but rather in his failure to explain his findings adequately"). In contrast, Plaintiff

claims that the ALJ's failure to comply with agency rules requiring discussion of relevant "other source" opinions makes the ALJ's ultimate decision, and the Commissioner's subsequent decision to litigate, unreasonable or, in the parlance of the EAJA, unjustified.

In her decision, Magistrate Judge Armstrong stated

> While an ALJ is not required to cite every piece of evidence contained in a claimant's case record or to explain the weight given to "other sources," the ALJ must ensure that the record includes a sufficient discussion of the evidence in order to allow a reviewing court to trace the ALJ's reasoning and find it supported by substantial evidence when the opinion may have an effect on the outcome of the case. *See* SSR 06-03p, 2006 WL 2329939, at *6 (Westlaw 2014); *McClanahan*, 474 F.3d at 832-33.
>
> *****
>
> Given the length and frequency of Ms. Molzon's professional relationship, it is clear that Ms. Molzon's opinions and treatment notes were relevant to the ALJ's RFC assessment and the ALJ should have included some explanation in his decision to enable this Court to determine whether Ms. Molzon's opinions were properly considered and weighed. See 20 C.F.R. §§ 416.945(a)(3), 416.912(b) (West 2014); *Gayheart v. Comm'r of Soc.Sec.,* 710 F.3d 365, 378-79 (6th Cir. 2013)(holding that a therapist's complete absence from the ALJ's evaluation of the record should have been explained since the therapist's treatment notes were relevant.); *see also Davila*, 993 F.Supp.2d at 758 (reversing and remanding the case for further discussion and explanation of the weight assigned to the opinions of two of the claimant's nurse practitioners); *Winning v. Comm'r of Soc. Sec*., 661 F.Supp.2d 807, 822 (2009 N.D. Ohio)(reversing and remanding, in part, because the ALJ failed to provide some explanation of the weight given to an opinion rendered by the claimant's social worker, which was consistent with those of the claimant's treating psychologist).
>
> Since the undersigned Magistrate is unable to discern from the ALJ's decision whether all of the relevant evidence was properly considered and weighed, the Court cannot find the Commissioner's RFC assessment supported by substantial evidence. Where an ALJ fails to follow agency rules and regulations, the Sixth Circuit has recognized that such a failure "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011)(*quoting Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)(internal quotation marks omitted)).

(Doc. 20, at 18-19).

Upon reviewing the relevant briefs and the decision of Magistrate Judge Armstrong, the Court agrees with Plaintiff. This was not merely an issue of articulation but rather the ALJ's opinion displayed a complete lack of analysis in relation to the "other source" opinions. Certainly, a consequence of the ALJ's failure to analyze or consider the "other source" opinions will be a failure to adequately articulate himself on that topic. Where the agency fails to follow its own rules the Commissioner's decision will not have a "reasonable basis in both law and fact." *See Pierce*, 487 U.S. at 563. For these reasons, the undersigned recommends the Court grant Plaintiff's application for EAJA fees.

*Attorney's Fees*

Next, Plaintiff requests an hourly fee in excess of $125, the statutory maximum, be granted. (Doc. 22,); § 504(b)(ii). The Act allows for increases if the court "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving an increase is necessary and producing evidence in support of that request. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Sufficient satisfactory evidence can be "prevailing rates within the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 449-50. When reviewing applications for increased fees Courts are to "carefully consider, rather than rubber stamp, requests for adjusted fee awards", *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992), especially since the Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Plaintiff seeks an award at a rate of $183.75[1] per hour for attorney fees. (Doc. 22). In support of this request, Plaintiff provided affidavits from counsel — Paulette Balin and Matthew Shupe, an itemized list of work, Consumer Price Index ("CPI") – Cost of Living, *The Economics of Law Practice in Ohio*, Producer Price Index, Legal Services 1996-2012, affidavits of Attorney Louise Mosher and legal assistant Sabrina Veal, and copies five cases awarding attorney's fees. (Doc. 22, Exs. 1-16). Ms. Veal's affidavit states she is a case manager at Paulette Balin's firm and that the hourly rate charged by the firm is $350 per hour. (Doc. 22, Ex. 3). Attorney Mosher attested she charges an hourly fee of $350 per hour. (Doc. 22, Ex. 4). Attorney Mosher has over 30 years of experience and is admitted to practice before this Court, and thus is comparable to Ms. Balin. (Doc. 23, Ex. D).

Ms. Mosher's affidavit supports Plaintiff's request for an increase in fees because the affidavit makes clear $350 is her hourly rate and not just a reasonable amount. *Bryant,* 578 F.3d at 450. This affidavit lends support to Plaintiff's claim because it is representative of the prevailing rate for attorneys of like specialty and experience. *Id*. Here, the relevant affidavit, the CPI information, which on its own would be insufficient, *Gay v Comm'r of Soc. Sec.,* 2013 WL 1316130 at *4 (6th Cir.), and the fact that the Commissioner has not challenged Plaintiff's request, was enough to justify a higher fee. Based on the evidence provided and the utilization of reasonable reference tools, the undersigned recommends the Court grant Plaintiff's request to increase the hourly amount to $183.75. *See Vasquez v. Astrue*, 2012 WL 3637676 (N.D. Ohio), *Rodriguez v. Astrue*, 2012 WL 2905928 (N.D. Ohio).

---

1. Utilizing the CPI provided, the annual index for 2014 was 221. An hourly rate of $183.75 is figured as follows: 150.9 is to 221, as $125 is to x, resulting in x equaling $183.75.

5

*Number of Hours*

Administrative tasks such as reviewing emails are not compensable because they should be subsumed in overhead costs. *See Rodriguez,* 2012 WL 2905928, *6-7. As such, Plaintiff's request should be reduced by 0.5 hours for the time spent reading and reviewing court notifications and emails. (Doc. 22, Ex. 6).

## CONCLUSION

For the reasons stated above, the undersigned recommends granting Plaintiff's Motion for Attorney Fees but recommends reducing the requested number of hours by one-half hour. The reduced hours amounts to a recommended award of $5,494.13, representing a rate of $183.75 per hour for 29.9 hours of legal work.

                                         s/James R. Knepp, II
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).